UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

EDDIE WILLIAMS, JR.          ]
                             ]
     Plaintiff,              ]
                             ]
v.                           ]     No. 1-08-00057
                             ]     Judge Haynes
CHERRY LINDAMOOD, et al.     ]
                             ]
     Defendants.             ]

M E M O R A N D U M

Plaintiff, Eddie Williams, Jr., a state prisoner formerly incarcerated at South Central Correction Facility ("SCCF")[1] in Clifton, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against Defendants: SCCF Warden Cherry Lindamood, Carolyn Jordan, Chris Lambert, Leigh Kilzer, Josh Chabera, and Sara Deltedesco, who were named in their individual and official capacities. Plaintiff's claims are for denials of access to the library, an effective grievance procedure, and mishandled his legal mail.

After his transfer to the Riverbend Maximum Security Institution ("RMSI"). Plaintiff filed an amended complaint against Defendants Reuben Hodge, Ed Rodriguez, Blair Liebach, Stephen Payne, Warren Berry, and Danielle Boulette, who are named in their individual and official capacities. Plaintiff's claims were for

---

[1]South Central Correctional Facility is operated by Corrections Corporation of America ("CCA") under contract with the State of Tennessee. See http://correctionscorp.com/facility/59/

violation of his due process rights for his placement in involuntary administration segregation ("IAS") without a due process hearing. Plaintiff also asserted claims of retaliation for his filing of grievances, his federal action before this Court and his state action in Wayne County Chancery Court. Plaintiff further alleges that RMSI officials opened and read his mail before mailing, delayed his mail and denied him access to court. (Docket Entry No. 96, notice of filing). The Court conducted a frivolity hearing on March 20, 2009.

For the reasons set forth below, the Court concludes that Plaintiff's procedural due process claims about his IAS placement state a claim for relief, but his other claims are to state gounds for relief. Plaintiff's motion to appoint counsel (Docket Entry No. 107) and motion for scheduling case for trial (Docket Entry No. 110) are denied as Plaintiff can present his claims.

## I. ORIGINAL COMPLAINT

Plaintiff's original complaint alleges denials of adequate access to the law library, an effective grievance procedure and interference of his legal mail at SCCF.

### A. ACCESS TO LAW LIBRARY

Plaintiff alleges that under Tennessee Department of Corrections Policy 509.01 a prison's law library is to be open 37.5 hours a week, but SCCF's law library is open to the general population for only fifteen hours a week. Plaintiff's Exhibit No.

2

4 to frivolity hearing. Plaintiff alleges that the library only has a capacity for thirty inmates at a time, that there is a rush among inmates to use the resources available in the library, there are only five available typewriters, the inmates do not have access to CD-Rom, and the library is inadequate "as for research of case laws and legal material." (Docket Entry No. 1, Complaint at ¶ 9). Plaintiff asserts that he does not have adequate time and legal material to challenge his conviction.

Plaintiff also alleges that he was denied access to the law library on September 18, 2007, because of racial discrimination and harassment. Plaintiff further alleges that he conducts legal work on behalf of other inmates and that he was denied access to the library because he was assisting another inmate. Id. at ¶ 12.

Prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). This fundamental constitutional right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828. This access includes providing indigent inmates with "paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them." Id. at 824-25. However, an inmate does not have "an abstract, freestanding right to a law library or legal assistance." Lewis v. Casey, 518 U.S. 343, 351 (1996). The

3

touchstone is the *meaningful* access to the courts, <u>Bounds</u>, 430 U.S. at 823 (emphasis added), and may include "replac[ing] libraries with some minimal access to legal advice and a system of court-provided forms." <u>Lewis</u>, 518 U.S. at 352.

The Supreme Court has stated:

> <u>Bounds</u> does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

<u>Lewis</u>, 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." <u>Thaddeus-X v. Blatter</u>, 175 F.3d 378, 391 (6th Cir. 1999) (<u>en banc</u>).

For a claim of interference with access to courts, an inmate must allege "actual injury." <u>Id</u>. at 349. The prisoner must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." <u>Id</u>. at 353.

In his original complaint, Plaintiff did not allege an actual injury from his inadequate access to the prison's law library. Plaintiff alleged only that he "is pursuing his own legal conviction as to his conviction and can't prepare adequate pleading because of like of time and insufficient legal material." (Docket Entry No. 1 at ¶ 11). At the frivolity hearing, Plaintiff stated

4

that he had a court appointed attorney representing him in a post-conviction proceeding from September 2008 to January 2009. This state action was pending on appeal. Yet, Plaintiff asserted two cases dismissed because of inadequate access to the library. One action was dismissed in Wayne County because he was unable to respond in a timely fashion to the court's questions. In another action to retrieve his trial transcript that was allegedly lost by TDOC, that action was dismissed allegedly because the claims commissioner wanted him to present certain documentation that he was unable to provide because he was unable to file the proper paperwork to get the documents.

Here, Plaintiff's post-conviction claim is pending on appeal, and as to that action, no actual injury has occurred. "A speculative injury does not vest a plaintiff with standing." Thomas v. Campbell, No. 00-6377, 12 Fed.Appx. 295, 297, 2001 WL 700839, at *1 (6th Cir. June 11, 2001) (citing Lewis, 518 U.S. at 351-52). As to the Wayne County Chancery Court action, the state court's order dated July 17, 2008, informed Plaintiff that the deficiencies in his original papers in his action had been cured, and his lawsuit remains pending. See (Docket Entry No. 70, motion to amend, attachment thereto, Exhibit M at p. 55). Plaintiff's lost trial transcript claim involved a grievance process that does not implicate a denial of access to courts. "[A] prisoner's access to courts extends only to direct appeals, habeas corpus

5

applications, and civil rights claims." Thomas, 12 Fed.Appx. at 297, 2001 WL 700839, at *1. For these claims, Plaintiff has not suffered an actual injury to state grounds for relief.

Plaintiff's claims about the limited number of hours the library is open, its size for the number of inmates seeking to use it, its five typewriters, and lack of access to CD-Rom fail to state grounds for relief. There is no constitutional right to the use of a typewriter. Donald v. Marshall, No. 84-3231, 762 F.2d 1006, 1985 WL 13183, at *2 (6th Cir. April 5, 1985); Antonelli v. Walters, 2009 WL 921103, at *12 (E.D.Ky. March 31, 2009) (collecting cases). Nor is there a constitutional right "to any particular number of hours in the law library." Thomas, 12 Fed.Appx. at 297, 2001 WL 700839, at *1. Further, the record reveals that Plaintiff was a frequent user of the library. (Docket Entry No. 28, attachment thereto, Prison Library Records). Moreover, Plaintiff's allegation that SCCF is violating TDOC's policy regarding the number of hours that the library is to be open is without merit. Violation of TDOC regulations or rules does not state a § 1983 claim. Black v. Parke, 4 F.3d 442, 447 (6th Cir. 1993); Harrill v. Blount County, TN., 55 F.3d 1123, 1125 (6th Cir. 1995) (state law cannot create a federal constitutional right); Owens v. Keeling, No. 3:03-0893, 2007 WL 1725253, at *4 (M.D. Tenn. June 12, 2007).

6

As to Plaintiff's other two claims that his ability to litigate is impaired such a claim reflects the incidental and constitutional consequences of conviction and incarceration. <u>Lewis</u>, 518 U.S. at 355; <u>Thomas</u>, 12 Fed.Appx. at 297, 2001 WL 700839, at *1. Moreover, Plaintiff has failed to show how any of these allegations has caused him to suffer actual injury. "Such general inadequacy claims . . . are not cognizable after <u>Lewis</u>." <u>Rienholtz v. Campbell</u>, 64 F. Supp.2d 721, 731 (W.D. Tenn. 1999) (concluding that a computerized research system not being installed did not constitute a lack of access to the law library).

Plaintiff also alleges that he was denied access to the law library because of racial discrimination and harassment. Again Plaintiff has failed to show how he suffered actual injury with respect to the filing of a nonfrivolous claim regarding a direct appeal, a habeas corpus application, or civil rights claim. Further, the record reveals that he was allowed access to the library on the date in question. (Docket Entry No. 28, attachment thereto, Prison Library Records at p. 9; Docket Entry No. 1, Exhibit 2 at pp. 3-8). Plaintiff also alleges that he was denied access to the library because he was assisting another inmate. However, an inmate does not have a constitutional right to assist other inmates. <u>Gibbs v. Hopkins</u>, 10 F.3d 373, 378 (6th Cir. 1993). Accordingly, these claims are without merit.

### B. INTERFERENCE WITH MAIL

7

Plaintiff alleges that Defendant Deltedesco lost a letter to him from his attorney, resulting in his denial of access to courts. However, negligent missorting of mail is insufficient to establish a constitutional violation. <u>Barker v. Sowders</u>, No. 98-5506, 187 F.3d 634, 1999 WL 427170, at *1 (6th Cir. June 15, 1999). In any event, Plaintiff has failed to show how he suffered actual injury as a result.

Plaintiff also alleges that Deltedesco returned a money order sent to him by his sister because it was an unauthorized financial transaction. Plaintiff contends that he was denied access to courts because he needs money to buy supplies to pursue his constitutional rights before the courts. Again, Plaintiff has failed to allege an actual injury. This claim is without merit.

### C. DENIED EFFECTIVE GRIEVANCE PROCESS

Plaintiff alleges that Defendant Kilzer will not properly process his grievances. There is no constitutional right to an effective prison grievance procedure. <u>Overhold v. Unibase Data Entry, Inc.</u>, No. 98-3302, 2000 WL 799760, at *3 (6th Cir. June 14, 2000); <u>Corn v. Lewis</u>, No. 92-6642, 996 F.2d 1214, 1993 WL 210702, at *1 (6th Cir. June 15, 1993); <u>Miller v. Brashfield</u>, No. 1:07-CV-00008, 2007 WL 580779, at *2 (M.D. Tenn. February 20, 2007) Further, an inmate may not maintain a claim against a defendant based solely on a denial or failure to respond to the inmate's grievance. <u>Shehee v. Luttrell</u>, 199 F.3d 295, 300 (6th Cir. 1999).

8

> [F]ederal courts simply do not sit as the ultimate appellate tribunal for prison grievance procedures. As with disciplinary proceedings, the scope of "the procedural due process required before one may be deprived of a liberty interest is governed by federal constitutional law and not state law." Black, 4 F.3d at 447. The use of mandatory language in mere procedural grievance regulations does not create any substantive liberty interest. . . . Thus, to the extent that the complaint should be construed as asserting that the defendants did not comply with administrative regulations in connection with any grievance decision, plaintiff has not suffered any deprivation of due process because of such noncompliance. In a § 1983 action, a federal court considers whether a *constitutional* right has been infringed, not whether bureaucratic procedures have been violated. Plaintiff's claims based on the processing of his grievances are simply frivolous.

Rienholtz, 64 F. Supp.2d at 731 (emphasis in original) (citations omitted).

Accordingly, these claims fail to state grounds for relief.

## II. AMENDED COMPLAINT

In his amended complaint, Plaintiff claim is for denial of his due process rights in his placement into IAS without a due process hearing in violation of TDOC policies and state law. Plaintiff also alleges that Defendants placed him in IAS in retaliation for the filing of his grievances, this action and his state action in Wayne County Chancery Court. Plaintiff further alleges that prison officials at Riverbend opened and read his mail before mailing, thereby delaying his mail from being promptly mailed and denying him access to court.

### A. INVOLUNTARY ADMINISTRATIVE SEGREGATION/DENIAL OF HEARING

As to his his placement into IAS, Plaintiff was charged with assaulting prison staff on June 16, 2008. A disciplinary hearing was conducted on July 16, 2008. On August 25, 2008, the disciplinary board found that based on Plaintiff's conviction for assaulting prison staff and his disciplinary history Plaintiff should be placed into administrative segregation. Plaintiff alleges that he was not allowed a due process hearing to challenge his placement into IAS and that Defendants did not follow TDOC policies and state law in effectuating his placement into IAS.

After the frivolity hearing, Plaintiff filed a motion to prohibit the Defendants from keeping him in IAS at RMSI. Plaintiff asserts that he has been kept in IAS for over one year in violation of his due process rights. The Court notes that at the time of filing his motion for preliminary injunction (Docket Entry No. 100) on July 23, 2009, Plaintiff had been in IAS for less than a year.

Yet, Plaintiff remains in IAS and his total confinement in IAS now approaches 18 months. As to Plaintiff's claim against TDOC, the Sixth Circuit has recognized that "the nature and duration of an inmate's segregation may affect whether the State has implicated a liberty interest that warrants due-process protection . . . ." Harden-Bey v. Rutter, 524 F.3d 789, 795 (6th Cir. 2008) (holding that an inmate's allegation that he was indefinitely placed in administrative segregation for three years alleged an atypical and significant hardship). In Harden-Bey, the Sixth Circuit cited

10

other Circuits hold that restrictive confinement of more than 300 days and as few as 29 weeks state potential claims for "a typical and significant hardship." Id. at 793. Harden-Bey, also noted a distinctions between its prior precedent that were based on a summary judgment record. Id. at 974 (citing Jones v. Baker, 155 F.3d 810, 812 (6th Cir. 1998). This is a frivolity review. Plaintiff's due process claim for confinement in IAS for more than a year is not frivolous.

The extent and type of any due process hearings on Plaintiff's IAS placement is unclear. Plaintiff testified that once a month from January to July, the month he filed his motion for preliminary injunction, he has appeared before seven administrative review hearings, (Docket Entry No. 101 at pp. 2, 6, 13-20), but the nature of these hearings and the nature of his segregation in IAS are issues that will be addressed at an evidentiary hearing on Plaintiff's motion for a preliminary injunction.

The Court concludes that Plaintiff states due process claim based on his continued confinement in IAS at RMSI.

### B. RETALIATION

Plaintiff alleges that Defendants retaliated against him by placing him into IAS for his filing of grievances, the state action in Wayne County Chancery Court and the federal action before this Court.

11

Retaliation based on an inmate's exercise of constitutional rights violates the Constitution. Thaddeus-X, 175 F.3d at 394. For a retaliation claim, the plaintiff must allege that:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two-that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

Id.

Retaliation claims are easily pled, but can seldom be proved. Harbin-Bey v. Rutter, 420 F.3d 571, 580 (6th Cir. 2005); Skinner v. Bolden, No. 03-1553, 89 Fed.Appx. 579-80 (6th Cir. March 12, 2004) ("Without more, . . . conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive."). The record reflects that Plaintiff's transfer to IAS was precipitated by his assault on prison staff and his conviction following a disciplinary hearing. See Bruggeman, 15 Fed.Appx. 202, 204, 2001 WL 861678, at *1 (finding no retaliation where disciplinary action was precipitated by a violation of prison rules). Plaintiff's conclusory allegations do not state a claim under Section 1983. See Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir. 1986). Moreover,

> an inmate cannot immunize himself from adverse administrative action by prison officials merely by filing grievances and then claiming that everything that happens to him is retaliatory. . . . If that were so, then every prisoner could obtain review of non-cognizable claims merely by filing a lawsuit or grievance and then

12

perpetually claiming retaliation. A plaintiff cannot bootstrap a frivolous complaint with a conclusory allegation of retaliation.

Rienholtz, 64 F. Supp.2d at 733-34 (citations omitted).

### C. OPENING MAIL

According to the grievance response, Plaintiff's mail was given an authorized check to see if it qualified as legal mail because Plaintiff had a history of attempting to violate the legal mail policy. (Docket Entry No. 96, attachment thereto at p. 15). Plaintiff, however, has failed to show that he suffered actual injury as a result.

Because Plaintiff's mail was inspected to see if he were in fact sending legal mail, the Court concludes that the Defendants did not violate Plaintiff's constitutional rights. For the same reason, Plaintiff's contention that his mail was confiscated because it was discovered that Plaintiff had altered an official document is equally unavailing. TDOC policy 502.05(22) provides that "Changing, modifying, or altering the writing of others, or, the fraudulent making of any writing" is a disciplinary offense.

Accordingly, Plaintiff's claims are without merit.

AT the frivolity hearing, Plaintiff testified that he lacked adequate supplies such as ink pens. However, he admitted that he did have a flexible ink pen. Further, he has not shown how he has suffered actual injury as a result. Moreover, the Court has

13

received several filings from Plaintiff and it appears he is not being deprived of writing supplies.

Lastly, Plaintiff asserts that he was charged $525 for legal documents and books that he has not received. However, Plaintiff has not shown that he has sought redress through administrative procedures and isolated claims about his property is not actionable given Plaintiff's state law remedies.

As to SCCF, Plaintiff's claim for injunctive relief against the SCCF Defendants is denied as moot because Plaintiff is no longer incarcerated at SCCF. <u>Dellis v. Corrections Corp. of America</u>, 257 F.3d 508, 509 n.1 (6th Cir. 2001).

## IV. CONCLUSION

For the reasons stated above, the Court concludes that Plaintiff's claims in his original complaint and amended complaint should be dismissed except for his procedural due process claims for his continued confinement in administrative segregation at RMSI. Plaintiff' motion for preliminary injunction (Docket Entry No. 100) is set for a hearing. Plaintiff's motion to appoint counsel (Docket Entry No. 107) and motion for scheduling case for trial (Docket Entry No. 110) should be denied.

An appropriate Order is filed herewith.

**ENTERED** this the 11th day of February, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge

14