IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

EDDIE WILLIAMS,  )
 )
    Plaintiff,  ) NO. 1:08-cv-0057
 ) JUDGE HAYNES
v.  )
 )
CHERRY LINDAMOOD, et al.,  )
 )
    Defendants.  )

## MEMORANDUM

Before the Court is Plaintiff's motion for preliminary injunction challenging his continued placement in administrative segregation without a due process hearing. (Docket Entry No. 100). The Court set this motion for an evidentiary hearing and set forth below are the Court's findings of fact and conclusions of law.

### A. Findings of Fact

In August 2008, Plaintiff Eddie Williams, an inmate at the South Central Correctional Facility ("SCCF") was found guilty of assault on staff. (Docket Entry No. 70, Amended Complaint at ¶ 12). The disciplinary charge was that Plaintiff struck a corrections officer in the face several times with his fists. (Docket Entry No. 70-1, Exhibit A p. 2). A disciplinary hearing was held July 16, 2008, id. at 4, and Plaintiff was found guilty, but he appealed. Id. at 8. At the hearing, Plaintiff testified that the Commissioner of the Tennessee Department of Corrections ("TDOC") set aside the disciplinary action, but in response to the Court's Order, the TDOC Commissioner's office filed an affidavit that such a directive or order of the Commissioner does not exist. Yet, undisputed attachments to Plaintiff's complaint reflect that on August 8, 2008, Ruben Hodge, TDOC deputy commissioner remanded the August 8th disciplinary board's

finding for another hearing with two new members. (Docket Entry No. 20-1 at 7, 13, 38).

Although Plaintiff submitted an affidavit of his inmate counselor at SCCF that Plaintiff never received a hearing on his involuntary placement in administrative segregation, Plaintiff's Exhibit No. 9, the disciplinary record reflects that on August 25, 2008, another hearing was held. After that hearing, Plaintiff received five (5) days for punching a staff member and thereafter Plaintiff was recommended for placement in involuntary segregation. Id. at 18. On August 27th, the SCCF Warden and the TDOC Commissioner approved that recommendation. Id. at 46. On September 9, 2008, Ruben Hodge, TDOC deputy commissioner and Warden affirmed the those decisions. Id. at 37. In October, 2008, Plaintiff was transferred to Riverbend Maximum Security Institution ("RMSI").

Since Plaintiff's placement in administrative segregation, Plaintiff receives a monthly review of his placement by a two member committee that reviews Plaintiff's institutional file. See Plaintiff's Exhibit Nos. 14-19 and Defendants' Collective Exhibit 1. Plaintiff has an opportunity to respond to the committee member's comments. Since August , 2008, Plaintiff is on level two (2) of the step down process. Plaintiff is now eligible for an inmate job in administrative segregation upon a vacancy and later may be eligible for release into population. On November 9, 2009, the TDOC Commissioner approved Plaintiff's continued confinement in administrative segregation. Plaintiff's Exhibit No. 1.

In administrative segregation, Plaintiff receives one (1) hour of outdoor exercise per day weather permitting. Plaintiff has access to reading material and legal materials, but Plaintiff challenges the extent of his access to legal materials. Plaintiff's filings in this action and in the institutional grievance process are significant. Plaintiff can shower, but his access to a telephone

2

and the prison store is limited. Plaintiff has non-contact visitation that is limited to immediate family, lawyers and ministers. Plaintiff must wear full restraint outside his cell.

### B. Conclusions of Law

In Hayden-Bey v. Rutter, 524 F.3d 789 (6th Cir. 2008), the Sixth Circuit reexamined its precedents in light of Williamson v. Austin, 354 U.S. 209, 213 (2005) on the due process requirements for state prisoners who are confined in "a highly restrictive conditions" in prisons. In such instances, the Sixth Circuit directed the district court to consider the "nature of the more restrictive confinement and its duration in determining whether such confinement imposes an 'atypical and significant hardship.'" 524 F.3d at 793.

Here, Plaintiff received a notice and hearing on the disciplinary charge as well as to question witness and to present his version of the events. Due process does not require more. Wolff v. McDonnell, 418 U.S. 539, 577-80 (1974); Crafton v. Luttrell, 378 F. Supp. 521, 532 (M.D. Tenn. 1975). For Plaintiff's confinement in administrative segregation, "due process requires periodic review of a prisoner's confinement status to determine whether a prisoner remains a security risk." Hewitt v. Helms, 459 U.S. 460, 477 n.9 (1983). Plaintiff received a combined disciplinary and administrative hearing before his placement in administrative segregation. Plaintiff has since received monthly periodic reviews of his confinement in administrative segregation placement to determine whether he remains a security risk.

By his confinement in administrative segregation, Petitioner's loss of the opportunity to earn future good time credit is not actionable. Clegg v. Bell, 3 Fed. App. 398, 399 (6th Cir. 2001) ("Although Clegg argues that his stay in segregation, occasioned by his disciplinary conviction, precludes his opportunity to earn sentence reduction credits that would lead to an

3

earlier release, such speculative, collateral consequences of a prison disciplinary conviction are insufficient to create a liberty interest.") (citations omitted).

Based on this proof and the applicable law, the Court concludes that Plaintiff has not shown a substantial likelihood of success of the merits, irreparable injury, substantial harm to others, and that public interest warrants preliminary injunctive relief. <u>Mason County Medical Association v Knebel</u>, 563 F.2d 256 (6th Cir. 1977).

Accordingly, Plaintiff's motion for a preliminary injunction should be denied.

An appropriate Order is filed herewith.

ENTERED this the 24th day of March, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge